**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PAMELA HONE, | : |
| Plaintiff, | : |
|  | : Civ. Action No. 14-1006 (FLW) |
| v. | : |
| WAL-MART STORES EAST, LP, JONE DOES 1-5, JANE DOE 1-5, and ABC CORPS 1-5, | : **OPINION** |
| Defendants. | : |

**WOLFSON, United States District Judge**:

Plaintiff Pamela Hone (hereinafter "Plaintiff") filed this personal injury action against Wal-Mart Stores, East LP (hereinafter "Defendant"), for negligently maintaining the premises of a Wal-Mart location, thereby causing her to sustain bodily injuries. The case was the subject of a court-ordered arbitration hearing, held on January 15, 2016, in which the arbitrator found in favor of Plaintiff. On March 8, 2016, after the applicable 30-day deadline for filing a trial *de novo* demand had passed, the arbitration award was unsealed by the Court, and converted to a Judgment. Now, Defendant moves to vacate judgment, arguing that it filed a demand for a trial *de novo*, prior to the expiration of the statutory period, in accordance with 28 U.S.C. § 657(a). Alternatively, Defendant argues that, should the Court find that Defendant untimely filed a demand for a trial *de novo*, relief should be granted because of excusable neglect, pursuant to Fed. R. Civ. P. 60(b). For the following reasons, Defendant's motion to vacate judgment is **GRANTED**.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed this personal injury action against Defendant, after she sustained bodily injuries while shopping on the premises of a Wal-Mart location. *See* Compl. ¶¶ 1-5. On November

1

5, 2015, the Court referred the parties to arbitration. The matter was assigned to an arbitrator, and the hearing took place on January 15, 2016. After the hearing was completed, the arbitrator found in favor of Plaintiff, and disclosed the arbitration award to the Clerk of Court. On January 26, 2016, the Clerk filed the arbitration award through the Court's CM/ECF system under seal, so that it did not reveal the arbitrator's decision, or the amount of the award. The Clerk also mailed a copy of the arbitration award to the parties, on that same day. Declaration of Tracey Salmon-Smith (dated March 11, 2016), ¶ 4. Defense Counsel received the arbitration award on February 1, 2016. *Id*., ¶ 5. On February 29, 2016, Defense Counsel filed a demand for a trial *de novo*. On March 8, 2016, however, the arbitration award was unsealed, thereby revealing the arbitrator's decision and the amount of the award, and converted to a Judgment.

In the instant matter, Defendant moves to vacate the March 2016 judgment, arguing that the demand for a trial *de novo* was timely filed, in accordance with the Federal and Local Rules of Civil Procedure. Defendant alternatively argues that, even if the demand was untimely, the Court's judgment should be vacated due to Defendant's "excusable neglect." Plaintiff opposes the motion.

## II.     ANALYSIS

Section 28 U.S.C § 657 of the Alterative Dispute Resolution Act (hereinafter, the "Act") prescribes the time in which a party must file a demand for a trial *de novo*. To that end, § 657(a) of the ACT mandates that the parties take the following action, after an arbitration hearing is held:

> Filing and effect of arbitration award. An arbitration award made by an arbitrator under this chapter . . . , along with proof of service of such award on the other party by the prevailing party or by the plaintiff, shall be filed promptly after the arbitration hearing is concluded with the clerk of the district court that referred the case to arbitration.

*See* 28 U.S.C. § 657(a). Accordingly, 28 U.S.C. § 657(a) directs the arbitrator to send the decision to the prevailing party or plaintiff. Subsequently, that party must satisfy two requirements: (1)

promptly effectuate service of the arbitration award upon the non-prevailing party; and (2) file the arbitration award, as well as the proof of service, with the Clerk. Only after the completion of these steps does the 30-day deadline to file a demand for a trial *de novo* start to run: "[w]ithin 30 days after the filing of an arbitration award with a district court under subsection (a), any party may file a written demand for a trial de novo in the district court. *See* 28 U.S.C. § 657(c)(1). *Hamilton v. J.C. Penney Co.*, 127 Fed. Appx. 47, 48 (3d Cir. 2005)("[A] party may file a written demand for a trial de novo within thirty days after the filing of an arbitration award."). In other words, the statute does not begin to run until filing is completed by a prevailing party or plaintiff, in accordance with §657(a). Indeed, nowhere in the Act does it contemplate any other party, including the Clerk, to file or serve the arbitration award.

However, in this case, service was not accomplished by the parties pursuant to § 657(a) of the Act. Rather, the Clerk served the arbitration award upon the parties, in accordance with L. Civ. R. 201.1(h), which was enacted by this district to supplement the Act under its authority pursuant to 25 U.S.C. § 651(b).  Local Rule 201.1(h) states:

> (1) Any party may demand a trial *de novo* in the District Court by filing with the Clerk a written demand, containing a short and plain statement of each ground in support thereof, and serving a copy upon all counsel of record or other parties. Such a demand must be filed and served within 30 days after the arbitration award is filed and service is accomplished by a party pursuant to 28 U.S.C. § 657(a), **or by the Clerk (whichever occurs first)** . . . . "

*See* L. Civ. R. 201.1 (h) (emphasis added). Accordingly, L. Civ. R. 201.1(h) permits service of the arbitration award by the Clerk, not just the parties. In fact, it is customary within this district for the arbitrator to submit the arbitration award to the Clerk; the Clerk then electronically dockets the award under seal on the CM/ECF system. Thereafter, the Clerk accomplishes service by mailing a copy of the arbitration award to the parties. Indeed, based on this practice, the parties do not typically effectuate service, as prescribed by §657(a).

3

Here, there is no dispute by the parties that the arbitration award was docketed and mailed by the Clerk on January 26, 2016. Furthermore, the parties do not dispute that the 30-day statutory period started on that date. According to Defendants, since service was made by mail, three additional days must be added to the 30-day period pursuant to Fed. R. Civ. P. (6)(d). On the other hand, Plaintiff argues that Rule 6(d) is not applicable because arbitration awards are not among the type of documents that fall under that Rule.

Fed. R. Civ. P. (6)(d) provides that, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."[1] In turn, Rule 5(b)(2)(C) provides that a party can be served by "mailing it to [that party's] last known address—in which event service is complete upon mailing." *See* Fed. R. Civ. P. 5(b)(2)(C). However, to apply Rule 5(b)(2)(C), an arbitration award must fall within the ambit of Fed. R. Civ. P. 5(a).

Fed. R. Civ. P. 5(a)(1)(E) provides that each of the following documents must be served on an opposing party: "a written notice, appearance, demand, or offer of judgment, or any similar paper." *See* Fed. R. Civ. P. 5(a)(1)(E). Plaintiff argues that because arbitration awards are not specifically listed in that Rule, it does not govern the service of such documents. However, this argument is without merit, because Plaintiff fails to account for Rule 5's "catch all" category of documents—"any similar paper." Indeed, "[t]his language is intended to be extremely broad and encompasses every document filed, unless otherwise provided elsewhere in the Federal Rules."

---

[1] "As a technical matter, Fed. R. Civ. P. 6(d)'s language providing a three-day extension in cases of electronic 'service' does not distinguish between service by a party and service by a court." *Stemcor United States v. Miracero*, *S.A. de C.V.*, 66 F. Supp. 3d 394, 395 (S.D.N.Y. 2014); *Cvetko v. Derry Twp. Police Dep't*, 2010 U.S. Dist. LEXIS 129876, at *2 n.1 (M.D. Pa. Dec. 8, 2010). In other words, Rule 6(d)'s three-day extension is applicable even if service is accomplished the Clerk. *See Id.*

*Private Bank & Trust Co. v. Duncan*, No. 09-14734, 2010 U.S. Dist. LEXIS 33086, at *2 (E.D. Mich. Mar. 8, 2010) (citing 4B Wright, Miller & Kane, Fed. Prac. & Proc. Civ.3d § 1143); *see e.g.*, *Russell v. City of Milwaukee*, 338 F.3d 662 (7th Cir. 2003) (Suggestion of Death subject to Rule 5); *Burton v. G.A.C. Finance Co.*, 525 F.2d 961 (5th Cir. 1976) (letter to the Clerk of Court, enclosing a finance disclosure statement, subject to Rule 5); *In re Grand Jury Investigation*, 317 F. Supp. 792 (E.D. Pa. 1970) (Application for witness immunity subject to Rule 5). Thus, because no other federal civil rules govern the service of arbitration awards, I find that these documents fall within the scope of Fed. R. Civ. P 5(a)(1)(E).

Having made such a determination, Defendant is entitled to Rule 6(d)'s three-day extension, since the Clerk served the arbitration award by mailing it on January 26, 2016. Accordingly, because 33 days from January 26, 2016 was February 28, 2016, or a Sunday, Defendant's deadline to file its demand for a trial *de novo* fell on February 29, 2016, pursuant to Fed. R. Civ. P(6)(a)(1)(C). *See* Fed R. Civ. P. 6(a)(1)(C) ("[When a deadline falls on] a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Based on the foregoing computation, Defendant timely filed its demand on February 29, 2016.

Based on the foregoing reasons, the judgment entered by this Court on March 8, 2016, was made in error. Hence, to correct this mistake, pursuant to Fed. R. Civ. P. 60(a), the Court shall vacate judgment, deem Defendant's demand for trial *de novo* as timely filed, and relist this action onto the Court's active docket.[2]

---

[2] Even if Defendant untimely filed a demand for a trial *de novo*, Defendant's actions constitute "excusable neglect" under Fed. R. Civ. P. 60(b)(1). "In determining whether a party who has missed a deadline is entitled to relief due to excusable neglect," a court must analyze the following four factors: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it

Dated: October 24, 2016

                                                        <u>/s/ Freda L. Wolfson</u>
                                                        Freda L. Wolfson
                                                        United States District Judge

---

was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Eun Hee Choi v. Kim*, 258 Fed. Appx. 413, 415 (3d Cir. 2007) (citations omitted). Each of these factors weigh in favor of vacating judgment. Indeed, with regard to the first factor, Plaintiff argues that "the defense now knows that the Plaintiff would have accepted the arbitration award." Plaintiff's Opposition Brief, at 16. However, this reason is not sufficient to establish prejudice, because either party could have waited to file its demand for a trial *de novo* just before the expiration of its deadline. And, more importantly, because of the significant amount of the arbitration award, it is of no surprise that Plaintiff would accept. Next, the length of the delay in filing for a trial *de novo*, assuming it was untimely, was only three days, and thus, clearly not substantial. *Welch & Forbes, Inc. v. Cendant Corp.*, 235 F.3d 176, 183 (3d Cir. 2000) (Finding that the appellant's 3 week delay in filing a Rule 60(b) motion was "insignificant as a matter of law . . . ."). Third, the reason for the delay, again, assuming it was untimely, is based upon a fair reading of the rules. Finally, the record does not indicate that Defendant acted in bad faith. Therefore, a finding of "excusable neglect" on the part of Defendant is also appropriate.